ELLEN F. ROSENBLUM
Attorney General
HEATHER J. VAN METER #983625
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Heather.J.VanMeter@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAWNA BRADSHAW,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON,<br><br>Defendant. | Case No. 0:18-CV-1791<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE DIVISION:**

Defendant State of Oregon respectfully petitions for removal of this action to the United States District Court for the District of Oregon, Eugene Division. In support of their petition, defendant alleges as follows:

1. On or about September 14, 2018, plaintiff Bradshaw commenced an action against defendant in the Circuit Court of the State of Oregon for the County of Marion titled *Shawna Bradshaw v. State of Oregon*, under Case No. 18CV41104. Service of summons was

completed on or about September 28, 2018. Copies of the original Complaint and all other pleadings on file with the Marion County Circuit Court are attached this petition collectively as Exhibit "A." Plaintiff's complaint contains claims based on 42 U.S.C. §12112, 42 U.S.C. §2000e-2, and 42 U.S.C. §2000e-3.

2. Accordingly, this case is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1331, because it states claims under federal law and is one that can be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and § 1443 because, although defendants deny that they are liable to plaintiffs, plaintiffs have alleged claims under the laws of the United States. Removal of this action is not based on diversity of citizenship, therefore 28 U.S.C. § 1332 does not apply.

3. Thirty days have not passed since the receipt by defendants of this pleading. Accordingly, 28 U.S.C. § 1446(b) has been complied with.

4. According to plaintiff's Complaint ¶3, plaintiff is located in Marion County, Oregon and the events at issue took place in Salem, Marion County, Oregon. Defendant Oregon State Hospital also is located in Marion County, Oregon.

DATED October __9__, 2018.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Heather J. Van Meter*

HEATHER J. VAN METER #983625
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Of Attorneys for Defendant



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

RECEIVED
SEP 19 2018
APPELLATE DIVISION
SALEM, OR 97301
12:05 PM CB

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

SHAWNA BRADSHAW,
Plaintiff,

v.

STATE OF OREGON,
Defendant.

Case No. 18CV41104

**SUMMONS**

To: **STATE OF OREGON**
Oregon Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:
READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Daniel Snyder — 783856
ATTORNEY'S/AUTHOR'S NAME — BAR NO.

1000 S.W. Broadway, Suite 2400
ADDRESS

| Portland | OR | 97205 | (503) 241-3617 |
|---|---|---|---|
| CITY | STATE | ZIP | PHONE |

TRIAL ATTORNEY IF OTHER THAN ABOVE — BAR NO.

**********

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

**Law Offices of Daniel Snyder
1000 SW Broadway
Suite 2400
Portland, Oregon 97205**

ATTORNEY FOR PLAINTIFF(S)

Verified Correct Copy of Original 9/18/2018.

**THIRD JUDICIAL DISTRICT**
**MARION COUNTY CIRCUIT COURT**

STATE OF OREGON
Marion County Circuit Courts
SEP 17 2018
FILED

**Read carefully. If you do not comply with the following, your case will be dismissed.**

Bradshaw v. State of Oregon

Case Number: 18CV41104 Date: 09/17/18

**THIS CASE HAS BEEN ASSIGNED TO:**

- ☐ Judge Donald D. Abar (503) 585-4939
- ☐ Judge Sean E. Armstrong (503) 588-5026
- ☐ Judge Channing Bennett (503) 588-7950
- ☒ Judge Audrey J. Broyles (503) 588-5492
- ☐ Judge Claudia M. Burton (503) 584-7713
- ☐ Judge Vance D. Day (503) 588-8484
- ☐ Judge Courtland Geyer (503) 373-4445
- ☐ Judge Thomas M. Hart (503) 584-7749
- ☐ Judge Mary M. James (503) 373-4303
- ☐ Judge David E. Leith (503) 588-5160
- ☐ Judge Lindsay R. Partridge (503) 588-5028
- ☐ Judge Cheryl A. Pellegrini (503) 566-2974
- ☐ Judge Tracy A. Prall (503) 588-5030
- ☐ Judge Susan M. Tripp (503) 373-4361

**If a party served with a summons intends to contest this matter, that party must file a response, or other appearance, as instructed in the summons.**

To change judges, a party must notify the court by 5pm on the day they receive this notice. Contact the court for a notice form. The party must then file a motion and affidavit with the court no later than 5pm on the next judicial day. ORS 14.260(4) and 14.270.

A status conference will be set after the party served has filed an appearance. All attorneys must appear at the status conference with their calendars. If parties do not have legal representation, they are to appear at the status conference.

If the Plaintiff has not filed a Return or Acceptance of Service by the 63rd day after the filing of the complaint, the case may be dismissed for want of prosecution 28 days later. If proof of service is filed by the 91st day from the filing of the complaint, and no default is later filed, the case will be dismissed 119 days from the date of the filing of the complaint.

Follow these instructions carefully and refer to the Uniform Trial Court Rules for further information or clarification. All correspondence or other communication shall be directed to the assigned Judge at the following address: Marion County Circuit Court, PO Box 12869, Salem, Oregon 97309-0869.

- ☐ *Assignment following standard procedure.*
- ☒ *Random assignment following the standard procedure.*
- ☐ *Random assignment at the request of:* ________

18CV41104
ASTJ
Assignment – Trial Judge
9857154

9/14/2018 6:40 PM
18CV41104

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**IN THE COUNTY OF MARION**

| | |
|---|---|
| SHAWNA BRADSHAW,<br>Plaintiff,<br>vs.<br>STATE OF OREGON,<br>Defendant. | Case No. 18CV41104<br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br>Employment, Civil Rights<br>CLAIM OVER $10,000<br>NOT SUBJECT TO MANDATORY ARBITRATION<br>AMOUNT PLEAD: $1,000,000<br>FILING FEE $834 PURSUANT TO ORS 21.160(1)(d) |

For her complaint, Plaintiff alleges:

1.

Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Oregon law and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; Plaintiff seeks equitable relief as well as compensatory damages, attorneys' fees and costs.

2.

Jurisdictional prerequisites have been met by Plaintiff.

a. On January 8, 2018, Plaintiff, through her attorney, mailed a tort claim notice to Risk Management, State Services Division, for the State of Oregon.

b. On January 9, 2018, Plaintiff, through her attorney, mailed a supplemental tort claim notice to Risk Management, State Services Division, for the State of Oregon.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

c. On February 1, 2018, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), Case Number DPEMDP180201-40170, for violation of Oregon Unlawful Employment Practices.

d. On or about February 5, 2018, BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC) for violation of Title VII of the Civil Rights Act, Charge Number 38D-2018-00268C.

e. On June 19, 2018, BOLI issued Plaintiff a right to sue letter authorizing her to file suit for discrimination in Oregon state court.

3.

Plaintiff Shawna Bradshaw (Plaintiff) is a citizen of the United States. At all times material, Plaintiff worked for Defendant in Marion County, Oregon, as a medical assistant.

4.

At all times material, Defendant State of Oregon ("Defendant") was an Oregon employer. At all times material, Plaintiff was an employee of Defendant. Defendant assigned Plaintiff to work within the Oregon Health Authority (OHA) at the Oregon State Hospital. Plaintiff worked as a medical assistant.

5.

At all times relevant, Defendant's employees and supervisors as their conduct is alleged herein were acting within the course and scope of their employment with Defendant.

6.

Plaintiff did not maintain a business location separate from the business or work location of the Oregon State Hospital, no portion of her residence was used for business, she did not provide contracted services for two or more different persons within a 12-month period, she did not routinely engage in business advertising, solicitation or other marketing efforts reasonably calculated to obtain new contracts to provide similar services, Plaintiff did not make a significant



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

investment by purchasing tools or equipment necessary to provide the services, by paying for the premises or facilities where the services are provided, nor did Plaintiff pay for licenses, certificates or specialized training required to provide the services, and Plaintiff did not have the authority to hire other persons to provide or to assist in providing the services.

7.

Beginning in December of 2016, Plaintiff was subjected to harassment and sexually charged and lewd comments by another female employee, Connie Easter (hereafter "Easter") at work. Easter told Plaintiff how she had ended up in the Emergency Room following a threesome sexual experience with her girlfriend along with an un-named male, who subsequently performed oral sex on Easter. Easter told Plaintiff that the man had eaten shrimp earlier in the day prior to the oral sex. Easter said that Easter is highly allergic to shellfish, and she ended up in hospital with severe allergic reactions "in her p-ssy." Easter told Plaintiff that Easter and her female partner make it a habit of playing with men "and anyone who is up for some fun."

8.

Throughout the next month, Easter asked Plaintiff to join Easter and her female partner in their threesome sexual adventures. Plaintiff was distressed and emotionally upset because of Easter's comments and invitations. Plaintiff told Ms. Easter "no" on multiple occasions.

9.

Although Plaintiff told Easter "no,' Easter placed notes on Plaintiff's desk chair at work in which Easter wrote, "It'll be really fun and erotic. Just try it once, you'll love it. You'll get addicted."

10.

Toward the end of December 2016, Plaintiff asked another medical assistant to trade desks to avoid encounters with Easter. Plaintiff continued to reiterate to Easter that she was not interested in having sex with Easter and her female partner.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

11.

Plaintiff follows the Christian religion. Easter told Plaintiff that Easter is a witch. Easter intimidated Plaintiff with stories of her witchcraft activities. Plaintiff attended a medical assistant group meeting in the office of Sara Walker, M.D. During the meeting, Easter and Dr. Walker discussed details about a particular witchcraft activity that Easter had participated in over the weekend. Easter and Dr. Walker spoke in a way that made it obvious they wanted everyone to hear them. Easter said her keys ended up being melted during the ritual and laughed about it.

12.

In February 2017, Plaintiff spoke to Mina Schoenheit, an Oregon Health Authority Human Resources employee, about the sexual harassment from Easter. Plaintiff also discussed Dr. Walker. Plaintiff asked for advice on how to deal with her coworkers. To Plaintiff's best knowledge, Ms. Schoenheit took no action on Plaintiff's report.

13.

By March 1, 2017, Plaintiff was being continually subjected to retaliating harassment by Easter and by Easter's best friend and co-worker, Sukhvinder "Sukhey" Sidhu. Easter and Sidhu played cruel pranks on Plaintiff, including moving her desk chair into the bathroom, removing family photos from the walls of her cubicle and tossing those in the trash bin, removing her stapler and notebooks, and removing the business computer at her desk.

14.

On March 3, 2017, Easter and Sidhu sent harassing texts to Plaintiff from their assigned work mobile telephones. Plaintiff texted them, "Please just leave me alone."

15.

Plaintiff next wrote a letter to Dr. Walker reporting harassment. Dr. Walker called Plaintiff into her office for what Plaintiff assumed would be a private conversation about the harassment. Instead, when Plaintiff walked into Dr. Walker's office, she saw that Easter and Sidhu were also present. Dr. Walker told Plaintiff that she was upset with Plaintiff for reporting



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

harassment. Dr. Walker put all the blame for the situation on Plaintiff. To Plaintiff's best knowledge, Dr. Walker did not forward Plaintiff's harassment complaint to Human Resources although Walker should have done so.

16.

After the meeting with Dr. Walker, Easter and Sidhu continued to harass Plaintiff. Easter told Plaintiff she was not allowed to attend a class that other medical assistants attended.

17.

In August 2017, all of the medical assistants were told they would be moved to other areas in the hospital to make room for new providers who were being hired soon. Easter told Plaintiff that Dr. Walker said that Easter and Plaintiff were assigned desks in the Harbors office suite. Easter then said, "let's plan a threesome soon. I know you will enjoy it. I won't take no for an answer." Over the next few days, Easter asked Plaintiff about have a threesome a couple more times. Plaintiff replied, "No, and I would appreciate it if you would stop asking and discussing your personal sexual experiences with me." After Plaintiff turned Easter down again, Easter said, "You may regret saying that." Easter's attitude toward Plaintiff got even worse.

18.

When Plaintiff went to her desk in the Harbors office suite, Plaintiff found another medical assistant working at that desk. Plaintiff said to Easter, "What happened? You told me I was assigned that desk." Easter said, "No, what are you talking about? It was never assigned to you. I never told you that." Defendant then assigned Plaintiff a desk further away from the units she worked on. Plaintiff suffers from a major anxiety disorder, a major depressive disorder, and panic attacks. A new desk assistant was at a table in a high-traffic area. A loud, heavy door was located about three feet away from her. Staff and patients walked behind her out of her vision. Every time this door would open, Plaintiff would be startled and jumped. Plaintiff told the provider she assisted, Lori Martin, NP, that she cannot handle sitting in that area because she is startled and jumps when the door opens due to my anxiety disorder. Ms. Martin said, "Oh, you



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

will just get used to sitting there. It'll be fine." Plaintiff then sent two emails to Dr. Walker's office assistant telling her that the seating assignment was causing her distress on a continual basis and that Plaintiff needed to take anxiety medication to be able to work in that location. Plaintiff's emails went unanswered. Plaintiff began to suffer from stress headaches and migraines to the point that she vomited. Plaintiff missed work because of migraines from stress and anxiety. Plaintiff started to lose some of her hair during this stressful time and her stomach was continually upset.

19.

On November 13, 2017, Plaintiff received a negative performance evaluation by Dr. Walker. When Plaintiff asked Dr. Walker for an explanation of the evaluation, Walker said she was relying on complaints made by Lori Martin, NP. Plaintiff reminded Dr. Walker that she had made repeated requests to Walker over a nine month period requesting that Walker reassign her because Ms. Martin does not communicate well with Plaintiff. Plaintiff told Dr. Walker and that other providers that Plaintiff worked with in the past gave her positive reviews. Dr. Walker replied that Plaintiff had two weeks to improve her relationship with Ms. Martin or Plaintiff would be terminated. After that meeting, Morgan Beckman, M.D., whom Plaintiff had previously worked with right before being reassigned to Ms. Martin, sent an email to Dr. Walker in support of Plaintiff.

20.

After two weeks went by, Ms. Martin said that Plaintiff's relationship with Ms. Martin had improved. Dr. Walker told Plaintiff had no complaints about Plaintiff's work, saying that Plaintiff had one of the best writing styles of all of the medical assistants. Dr. Walker said that she noticed that Plaintiff had tended to be somewhat emotional around the anniversary of her son's death. Plaintiff reminded Dr. Walker that she had an anxiety disorder. Dr. Walker complained that Plaintiff did not read and interpret EKG results on one discharge summary accurately enough to meet Dr. Walker's expectation. Plaintiff reminded Dr. Walker that it was



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

not part of her job to read and interpret EKGs. Dr. Walker claimed that notes Plaintiff prepared for Ms. Martin were sometimes missing things, such as medication changes. Plaintiff told Dr. Walker that Ms. Martin demanded that Plaintiff pre-write Ms. Martin's chart notes for the week on Monday and Tuesday of each week, charting in advance what was going to happen as Ms. Martin saw patients throughout the week. Plaintiff told Dr. Walker that Ms. Martin said she would enter any medication changes and enter any other missing items when she examined the patient.

21.

On November 29, 2017, the Oregon Health Authority sent Plaintiff a notice of intent to terminate her employment in 30 days. On December 2, 2017, Plaintiff asked Dr. Walker to please put in writing the specific reasons Plaintiff was being terminated. Dr. Walker's response was "NO."

22.

Plaintiff made several additional efforts to bring the sexual harassment and disability discrimination to the attention of Human Resources. Plaintiff was interviewed by an Oregon Health Authority Civil Rights investigator, Betsy Clifford who did not notify her of the results of any investigation done by the Oregon Health Authority.

23.

On December 29, 2017, Defendant terminated Plaintiff's employment.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Title VII Gender and Sex Discrimination – 42 U.S.C. § 2000e-2)**

24.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

25.

At all material times, Defendant as an employer within the meaning of 42 U.S.C. § 2000e(b).

26.

Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment because of her sex and gender, to wit female. Defendant changed the terms and conditions of Plaintiff's employment based upon her status as a female, selectively enforced policies or practices to the detriment of Plaintiff because of her sex and gender, and subjected her to a hostile work environment.

27.

Defendant's conduct violated 42 U.S.C. § 2000e-2.

28.

Plaintiff is entitled to a declaration that the conduct of Defendant violated 42 U.S.C. § 2000e-2.

29.

As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, economic and non-economic damages. Plaintiff is entitled to damages, attorney fees, costs, and interest as alleged below.

**SECOND CLAIM FOR RELIEF**

(Oregon Sex and Gender Discrimination – ORS 659A.030)

30.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

31.

Defendant is an "employer" within the meaning of ORS 659A.001 (4) and ORS 659A.030.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

32.

Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment and terminated Plaintiff's employment because of her sex and gender.

33.

Defendant's conduct violated ORS 659A.030.

34.

Plaintiff is entitled to a declaration that the conduct of Defendant violated ORS 659A.030.

35.

As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, economic and non-economic damages. Plaintiff is entitled to damages, attorney fees, costs, and interest as alleged below.

## THIRD CLAIM FOR RELIEF

(Title VII Retaliation – 42 U.S.C. § 2000e-3)

36.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

37.

Defendant retaliated against Plaintiff because she opposed discrimination based on her sex and gender.

38.

Defendant's conduct violated 42 U.S.C. § 2000e-2.

39.

The Court should enter an order declaring that Defendant violated 42 U.S.C. § 2000e-2.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

40.

As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, economic and non-economic damages. Plaintiff is entitled to damages, attorney fees, costs, and interest as alleged below.

**FOURTH CLAIM FOR RELIEF**

(ORS Chapter 659A.199 – Whistleblower)

41.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

42.

Plaintiff reported to Defendant conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.

43.

Defendant discriminated and retaliated against Plaintiff because of the report she made. Defendant's actions violated ORS 659A.199, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

44.

As a result, Plaintiff suffered damages and is entitled to the damages and other relief set forth below.

**FIFTH CLAIM FOR RELIEF**

(ORS Chapter 659A.203 – Whistleblower)

45.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

46.

Plaintiff reported to Defendant conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

47.

Defendant discriminated and retaliated against Plaintiff because of the report she made. Defendant's actions violated ORS 659A.203, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

48.

As a result, Plaintiff suffered damages and is entitled to the damages and other relief set forth below.

**SIXTH CLAIM FOR RELIEF**

(ORS Chapter 659A.230 – Whistleblower)

49.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

50.

Plaintiff reported criminal activity to Defendant.

51.

Defendant discriminated and retaliated against Plaintiff because of the reports she made. Defendant's actions violated ORS 659A.230, are an unlawful employment practice, and caused Angela Branford economic and non-economic damages.

52.

As a result, Plaintiff suffered damages and is entitled to the damages and other relief set forth below.

**SEVENTH CLAIM FOR RELIEF**

(Title I of the Americans with Disabilities Act - Discrimination)

53.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

54.

At all times material, defendant was an employer for the purpose of, and subject to, the Americans with Disabilities Act (ADA).

55.

Plaintiff has an impairment, which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by defendant as having such impairment.

56.

After Plaintiff disclosed Plaintiff's disability to Defendant, then Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

57.

Defendant failed to engage in the interactive process with Plaintiff.

58.

Plaintiff requested reasonable accommodations from defendant.

59.

At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

60.

Defendant conduct violated 42 U.S.C. § 12112.

61.

As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

62.

Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

63.

Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

64.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

65.

The court should enter an order declaring that defendant violated the ADA.

66.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

67.

Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

68.

Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**EIGHTH CLAIM FOR RELIEF**

(Title I of the Americans with Disabilities Act - Retaliation)

69.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

70.

Defendant retaliated against Plaintiff for pursuing Plaintiff's rights in accordance with the ADA. Such actions by defendant are in violation of the Americans with Disabilities Act.

71.

As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

72.

Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

73.

Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

74.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

75.

The court should enter an order declaring that Defendant violated the ADA.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

76.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

77.

Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

78.

Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**NINTH CLAIM FOR RELIEF**

(ORS 659A.103 et seq. - Oregon Rehabilitation Act)

79.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

80.

Plaintiff is a 'disabled person' as defined at ORS 659A.104 (1).

81.

Defendant is an 'employer' as defined at ORS 659A.106.

82.

After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

83.

Defendant failed to engage in the interactive process with Plaintiff.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

84.

Plaintiff could perform the essential functions of Plaintiff's job with Defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

85.

Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to ORS 659A.103 et seq.

86.

As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

87.

Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

88.

Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

89.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

90.

The court should enter an order declaring that defendant violated the Oregon Rehabilitation Act.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

91.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

92.

Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

93.

Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**TENTH CLAIM FOR RELIEF**

(Wrongful Termination)

94.

Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

95.

Defendant's conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

96.

Plaintiff's remedies under state and federal statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

97.

As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

98.

Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

99.

Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

100.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

101.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

102.

Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

103.

Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.



**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant in the sum of $1,000,000 for her non-economic damages and economic damages for attorney fees, costs, and disbursements incurred herein.

**Plaintiff demands a trial by jury.**

DATED: September 14, 2018

LAW OFFICES OF DANIEL SNYDER

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October __9__, 2018, I served the foregoing NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C) upon the parties hereto by the method indicated below, and addressed to the following:

Daniel Snyder, OSB #783856
Carl Post, OSB #061058
John Burgess, OSB #106498
Law Offices of Daniel Snyder
1000 SW Broadway, Ste. 2400
Portland, OR 97205
Attorneys for Defendant

___ HAND DELIVERY
_X__ MAIL DELIVERY
___ OVERNIGHT MAIL
_X__ SERVED BY E-FILING

*s/ Heather J. Van Meter*
HEATHER J. VAN METER #983625
Senior Assistant Attorney General
VANESSA A. NORDYKE #084339
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Heather.J.VanMeter@doj.state.or.us
Vanessa.A.Nordyke@doj.state.or.us
Of Attorneys for Defendant



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791